IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
20 JUL 30 PM 4:06
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| HCB FINANCIAL CORPORATION,<br>PLAINTIFF, | § § § | |
| V. | § § | CIVIL NO. A:18-CV-01120-LY |
| LEE MCPHERSON, A/K/A LEE KENNEDY, A/K/A LEE F. KENNEDY, A/K/A LEE KAREN FREYER, A/K/A LEE K. FREYER, IN HER INDIVIDUAL CAPACITY, AND AS TRUSTEE OF THE TRUST U/W/O BABETTE L. WIENER DATED 10/30/1984; BRENDA L. ADKINSON, HARRY RAUCH FREYER, IN HIS INDIVIDUAL CAPACITY AND IN HIS CAPACITY AS A TRUSTEE OF THE TRUST U/W/O BABETTE L. WIENER DATED 10/30/1984; EMMANUEL KNIAHYNYCKY; NEIL MCPHERSON; SAMUEL REYNOLDS; ANITA L. WILLIAMS; 5950 STATE BRIDGE ROAD, LLC, F/K/A 5950 STATE BRIDGE ROAD, INC.; CANNDESCENT JV, LLC; COMPASSIONATE USE, LLC; COMPASSIONATE USE, II LLC; FOUNTAIN SQUARE FWB HOLDINGS, LLC; FREYER INVESTMENTS, LTD.; HUNGRY OTTER HOLDINGS, LLC; HYPERION GP, LLC; HYPERION GULF COAST VENTURES, LTD.; HYPERION MANAGEMENT, LLC; KWF GROUP, LLC; LEE KENNEDY INVESTMENTS, L.P.; LFK GP, LLP; LFK INVESTMENTS-TEXAS, LLC; LK FREYER INVESTMENTS, LLC; MEDICUS ARKANSAS, LLC; MEDICUS ARKANSAS II, LLC; MEDICUS ARKANSAS III, LLC; ORGANIC HEALTH SCIENCES, LLC; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

| | |
|---|---|
| PALMS DESTIN HOLDINGS, LLC; | § |
| ROCKCLIFF HOLDINGS-GP, LLC; | § |
| ROCKCLIFF HOLDINGS, LP; AND | § |
| SUMMER WINDS GEORGIA, LLC; | § |
| DEFENDANTS. | § |
| | § |

## ORDER ON REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause. The court referred Defendants Mead Law & Title, PLLC and Michael W.M. Mead's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Doc. #45); Defendants' Motion to Dismiss (Doc. #51);[1] Defendant Lee McPherson's Motion to Dismiss (Doc. #52);[2] and Defendants Jeffrey L. Hall's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), and all related filings to the United States Magistrate Judge for a report and recommendation on December 3, 2019 (Doc. #77). Before

---

[1] The "Defendants" included in this motion are Brenda L. Adkinson, individually and as Trustee of the Trust U/W/O Babette L. Wiener Dated 10/30/1984; William Christopher Beary; Harry Rauch Freyer, individually and as Trustee of the Trust U/W/O Babette L. Wiener Dated 10/30/1984; Emmanuel Kniahynycky; Samuel Reynolds; Anita L. Williams; 5950 State Bridge Road, LLC; CanJV, LLC, f/k/a Canndescent JV, LLC; Compassionate Use LLC; Compassionate Use II, LLC; FH Aspen, LLC; Fountain Square FWB Holdings, LLC; Freyer Investments, Ltd., a/k/a Freyer Investments, LP; Hungry Otter Holdings, LLC; Hyperion GP, LLC; Hyperion Gulf Coast Ventures, Ltd.; Hyperion Management, LLC; KWF Group, LLC; Lee Kennedy Investments, L.P.; Leighton, Michaux, Adkinson & Brown, PLLC; LFK GP, LLC; LKF Investments-Texas, LLC; LK Freyer Investments, LLC; Medicus Arkansas, LLC; Medicus Arkansas II, LLC; Medicus Arkansas III, LLC; Organic Health Sciences, LLC; Rockcliff Holdings-GP, LLC; Rockcliff Holdings, LP; Summer Winds Georgia, LLC; and Summerwinds Townhomes, LLC, f/k/a Hidden Hollow Townhomes, LLC. The court uses "Defendants" in this order to specifically refer to only these defendants.
HCB Financial voluntarily dismissed Defendants Janet Kniahynycky and BK Properties II, LLC on October 21, 2019.

[2] Defendant Lee McPherson is referred to as "Lee Kennedy" in a related action in Mississippi. See *HCB Financial Corp. v. Kennedy*, No. 1:10-CV-559-HSO (S.D. Miss.). As the style in this case and the motion to dismiss refer to her as "McPherson," the court will also do so.

2

the court is the Report and Recommendation of the United States Magistrate Judge filed April 30, 2020 (Doc. #81). The magistrate judge recommends that the court grant Defendants' Motion to Dismiss (Doc. #51) and Defendant Lee McPherson's Motion to Dismiss (Doc. #52) to the extent that the court dismiss Plaintiff HCB Financial's federal-law claims for lack of standing, decline to exercise supplemental jurisdiction over HCB Financial's remaining state-law claims, and in all other respects, deny the motions. Additionally, the magistrate judge recommends that in light of those rulings, Defendants Mead Law & Title, PLLC and Michael W.M. Mead's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Doc. #45) and Defendants Jeffrey L. Hall's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) be dismissed as moot. Finally, the magistrate judge recommends that the case be dismissed without prejudice.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The record reflects that the parties received the report and recommendation on April 30, 2020, and objections if any, were due to be filed on or before May 14, 2020. HCB Financial and Defendants filed objections on May 14, 2020 (Docs. ##82 & 83) and Defendants filed a response to

HCB Financial's objections on May 28, 2020 (Doc. #84). In light of the objections, the court has undertaken a *de novo* review of the entire case file.

### *Federal-court proceedings in Mississippi and Texas*

Relevant to this action is a long-pending action in the United States District Court for the Southern District of Mississippi, in which post-judgment litigation continues between the primary parties in this action. *HCB Fin. Corp. v. Kennedy*, No. 1:10-CV-559-HSO (S.D. Miss.). HCB Financial commenced the Mississippi case–a collection action–against McPherson, seeking to recover a deficiency balance on a promissory note that McPherson signed as a guarantor. In July 2013, HCB Financial obtained a money judgment against McPherson for $2,019,495.82. *HCB Fin. Corp. v. Kennedy*, No. 1:10-CV-559-HSO (S.D. Miss. July 11, 2013) (amended final judgment) (the "Mississippi judgment"). In June 2014, the Court of Appeals for the Fifth Circuit affirmed the Mississippi judgment. *See HCB Fin. Corp. v. Kennedy*, 570 Fed. App'x 396 (5th Cir. 2014). Since then, HCB Financial has been engaged in post-judgment litigation attempting to collect the judgment.

In late December 2018, HCB Financial commenced this action, alleging that McPherson and the other named defendants participated in a criminal enterprise that they created to prevent and deprive HCB Financial from collecting the amount HCB Financial was awarded in the Mississippi judgment. *See* 18 U.S.C. §§ 1961-1968 (Racketeer Influenced Corrupt Organizations Act) ("RICO"). HCB Financial also alleges that McPherson and the other defendants violated various Texas, Florida, and Louisiana laws.

In January 2019, in the Mississippi case, McPherson moved for leave to deposit funds into the court's registry and requested an order declaring the Mississippi judgment satisfied. HCB

4

Financial opposed the motion, traced HCB Financial's many unsuccessful post-judgment efforts to collect the Mississippi judgment, and argued that McPherson's bad acts over the lengthy post-judgment period should weigh against the court declaring the judgment satisfied. HCB Financial also informed the Mississippi court that HCB Financial had filed this action. HCB Financial argued to the Mississippi court, *inter alia*, that HCB Financial's requests for post-judgment discovery in the Mississippi case would provide a supporting basis for some of the RICO claims alleged in this action.

On February 13, 2019, the Mississippi court rendered an order that granted McPherson's request to deposit funds into the court's registry in an amount that covered the Mississippi judgment plus post-judgment interest, a sum of $2,036,293.60. The court however ruled, "because the Court cannot determine whether to award, nor is there any present motion to seek, attorneys' fees relating to post-judgment collection efforts, it will deny without prejudice the portion of [McPherson's] Motion [425] that seeks a judicial determination that the judgment is satisfied." Additionally, the Mississippi court cautioned HCB Financial that although it "may be entitled to post-judgment attorneys' fees related to its protracted efforts to collect from [McPherson], it is not entitled to use this case as a discovery vehicle for uncovering evidence to use against [McPherson] in another case." The Mississippi court allowed HCB Financial thirty days from entry of the order to move for any post-judgment attorney's fees and costs.

On February 20, 2019, in this action, Defendants requested additional time to file a response to the original complaint, explaining to the court that HCB Financial had informed Defendants that within a week, HCB Financial would be filing an amended complaint. The court granted the motion on February 28, 2019.

5

In accordance with the Mississippi court's order, in March 2019, HCB Financial moved for post-judgment attorney's fees and costs, seeking $988,769.97. That motion similarly described the multi-party scheme to deprive HCB Financial of the Mississippi judgment as that described in the complaint HCB Financial filed in this action.

As HCB Financial's motion for attorney's fees was pending in the Mississippi action, this court rendered an order on May 31, 2019, in which the court observed that no amended complaint had been filed "within a week" in late February 2019 as previously represented to the court. The May 31 order required the parties to file a status report detailing the interplay between this action and the Mississippi action or file dismissal papers on or before June 14, 2019. The parties filed a status report on June 14, after which the court ordered HCB Financial to file an amended complaint on or before July 26, 2019, or the court would consider dismissing the action for want of prosecution. HCB Financial filed an Amended Complaint on July 27, 2019. The pending motions to dismiss were subsequently filed.

In the Mississippi action, on March 16, 2020, the court granted HCB Financial's request to withdraw from the court's registry the Mississippi-judgment amount plus post-judgment interest in the amount of $2,036,293.60 plus any interest that had accrued since the deposit.[3] On March 27, 2020, the Mississippi court denied HCB Financial's motion for attorney's fees without prejudice. The court's order provided that the court was unable to decipher the billing invoices and determine the reasonableness of the attorney's fees and costs requested by HCB Financial. Further the court

---

[3] There is no indication in the report and recommendation as to whether HCB Financial has withdrawn the amount deposited in the Mississippi court's registry. This court finds no notation or any indication on the docket of the Mississippi action that HCB Financial has withdrawn the amount to which it is entitled.

6

explained that it was unable to separate HCB Financial's actions regarding its RICO claims in Texas from the attorney's fees and costs incurred in the post-judgment collection efforts in the Mississippi case.

HCB Financial filed a renewed motion for post-judgment attorney's fees and costs in the Mississippi case on May 26, 2020. The Mississippi court has since granted McPherson's request to extend the time to respond until August 5, 2020.

***Objections to report and recommendation***

By objection, HCB Financial argues that the court should reject the magistrate judge's recommendation and deny all of the motions to dismiss. HCB Financial contends that it has sufficiently pleaded a concrete injury and that its RICO claims were not rendered moot by McPherson's deposit into the registry of the Mississippi court.[4] The Defendants object to the report and recommendation arguing that although the magistrate judge correctly determined that HCB Financial suffered no RICO injury, based on all of the facts, HCB Financial's pleading defect cannot be remedied. Defendants contend that absent RICO damages, there is no RICO relief to which HCB Financial can show it is entitled, therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the action should be dismissed with prejudice.

For HCB Financial to proceed with its RICO claims, HCB Financial is required to show that it has sustained a "concrete financial loss." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 492 n. 16 (5th Cir. 2003). Injury to expectancy interests or to an "intangible property interest" is not sufficient

---

[4] Despite HCB Financial's contentions to the contrary, the court concludes that the magistrate judge appropriately analyzed the issues under Federal Rule of Civil Procedure 12(b)(6)–whether a claim may be dismissed for failure to state a claim–not the doctrine of mootness.

to confer RICO standing. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998). Additionally, injuries based on "extensive speculation" that do "not simply entail a calculation of present, actual damages" are "not compensable under RICO." *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995).

Caselaw that discusses the element of RICO damages tends to present the issue as one of standing to maintain a RICO claim, such as what a plaintiff must show to maintain standing to proceed with a RICO claim. Courts hold that the damages issue is to be analyzed as a substantive matter, that is, a court reviewing whether a plaintiff has standing to maintain a RICO claim is to conduct a Federal Rule of Civil Procedure 12(b)(6) substantive analysis–whether the action should be dismissed for failure to state a claim–rather than a 12(b)(1) Article III jurisdictional analysis. *See e.g. Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F.App'x 455, 456 (5th Cir. 2013 (vacating and remanding lower court's dismissal of RICO claims for lack of standing under Rule 12(b)(1) for lower court to reconsider motion under Rule 12(b)(6)). The court proceeds to analyze the issues as the magistrate judge did under the 12(b)(6) analysis.

HCB Financial alleges that, during the past six years, the combined efforts of the many defendants successfully prevented HCB Financial from collecting the Mississippi money-judgment McPherson owes HCB Financial. HCB Financial alleges the following are its concrete financial losses: (1) being deprived of the proceeds of the Mississippi judgment for six years; (2) being unable to use or invest the proceeds of the Mississippi judgment over the six-year period; (3) the costs, expenses, and legal fees incurred while investigating the many defendants's RICO violations; and (4) the costs, expenses, and legal fees incurred while pursing the RICO action.

Although there are many claims raised in the amended complaint, the magistrate judge determined that this is primarily a RICO action predicated on the many defendants' conduct and alleged scheme to frustrate HCB Financial's efforts to collect the Mississippi judgment. The court agrees. By a 346-page amended pleading filed here after the Mississippi court granted McPherson's request to deposit the sum covering the Mississippi judgment, HCB Financial alleges that it suffered concrete injuries by McPherson's and the other defendants' actions that made it impossible for HCB Financial to collect the Mississippi judgment for the previous six years. The court agrees with the magistrate judge that none of HCB Financial's allegations consists of a concrete financial loss to HCB Financial.

It is undisputed that as of the filing of HCB Financial's amended complaint–July 27, 2019–it could no longer be said that HCB Financial could not collect the Mississippi judgment. Indeed, on March 16, 2020, the Mississippi court ordered that HCB Financial could withdraw the sum deposited into the court's registry that covers the Mississippi judgment and the statutorily assessed post-judgment interest. Also, the Mississippi court has provided HCB Financial the opportunity to file a properly prepared motion for post-judgment attorney's fees and costs. The court concludes that HCB Financial's objections should be overruled.

The court also concludes that the Defendants' objection should be sustained in part and to the extend that HCB Financial's RICO claims should be dismissed with prejudice. Absent a concrete injury, HCB Financial's amended pleading fails to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Based on the facts presented, the court also concludes that there is no amendment that could cure HCB Financial's pleading regarding its RICO claims. Having considered the current posture of the Mississippi action, the court also concludes that any post-

judgment relief to which HCB Financial may be entitled may be addressed by the Mississippi court in the ongoing post-judgment proceedings.

Having considered the motions, responses, replies, objections, the response to the objections, the case file, and the applicable law, the court will accept and adopt the report and recommendation for substantially the reasons stated therein with the modification that HCB Financial's RICO claims will be dismissed with prejudice.

**IT IS ORDERED** that HCB Financial Corp.'s Objections to Report and Recommendation filed May 14, 2020 (Doc. #82) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Limited Objection to the Report and Recommendation on Their Motion to Dismiss filed May 14, 2020 (Doc. #83) is **SUSTAINED** to the extent that HCB Financial's RICO claims be dismissed with prejudice, as HCB Financial fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). In all other respects, the objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that for substantially the reasons stated therein the Report and Recommendation of the United States Magistrate Judge filed April 30, 2020 (Doc. #81) is **ACCEPTED AND ADOPTED** as modified only to the extent that the entire case will not be dismissed without prejudice, but rather HCB Financial Inc.'s RICO claims will be dismissed with prejudice, as HCB Financial fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and Defendant Lee K. McPherson's Motion to Dismiss, both filed September 16, 2019 (Docs. ##51 & 52) are **GRANTED to the extent** that Plaintiff HCB Financial's federal RICO claims are **DISMISSED WITH**

**PREJUDICE**, and as no other federal claims remain, the court declines to exercise supplemental jurisdiction over Plaintiff HCB Financial's state-law claims, and those claims are **DISMISSED WITHOUT PREJUDICE.** In all other respects, the motions are **DENIED.**

**IT IS FURTHER ORDERED** that, in light of these rulings, Defendants Mead Law & Title, PLLC and Michael W.M. Mead's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Doc. #45) and Defendants Jeffrey L. Hall's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) are **DISMISSED AS MOOT.**

SIGNED this **30th** day of July, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE